

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*



P. Michael Cunningham
Assistant United States Attorney
michael.cunningham@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

Direct: 410-209-4884
Main: 410-209-4800
Fax: 410-962-3091

August 25, 2017

Christian B. Lassiter, Esquire
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

> Re:   *United States v. Michael J. Andrews*
>        Criminal No: <u>GLR-17-0295</u>

Dear Ms. Lassiter:

This letter, along with the Sealed Supplement, confirms the plea agreement, which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by September 8, 2017, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

1.      The Defendant agrees to plead guilty to Count ~~Three~~ *four* of the Indictment now pending against him, which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.      First, that the defendant knowingly possessed a visual depiction;

b.      Second, that the visual depiction was transported in or affecting interstate or foreign commerce *or* the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

    c.     Third, that the visual depiction was child pornography; and

    d.     Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

The Government would further prove that the defendant has a conviction related to the possession, receipt, distribution or transportation of child pornography.

### Penalties

3.    a.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: not less than ten (10) years and not more than twenty (20) years imprisonment, followed by a term of supervised release of not less than five (5) years and not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, and must pay a $5,000 special assessment pursuant to 18 U.S.C. § 3014 absent a finding of an inability to pay by the Court, both of which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

    b.     The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The

jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against his. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

     5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a

sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts at Attachment A, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors.

      a.     The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1);

      b.     Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).     (Subtotal: 20).

      c.     Pursuant to U.S.S.G. § 2G2.2(3)(B), there is a five (5) level increase because the defendant distributed for valuable consideration, that is, the receipt and sharing of child pornography. (Subtotal: 25)

      d.     Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. (Subtotal: 27).

      e.     Pursuant to U.S.S.G. § 2G2.2(b)(7), there is a five (5) level increase because of the number of images (videos) possessed. (Subtotal: 32)

      e.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

      g.     Accordingly, the final adjusted offense level is 29.

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

Rule 11 (c) (1) (C) Plea

8.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of ~~13 years'~~ incarceration in the Bureau of Prisons, along with a <u>lifetime</u> term of supervised release, is the appropriate disposition of this case. This agreement does not

4

*150 Months* [handwritten insertion replacing "13 years"]

*MC CL* / *MSA* [handwritten initials]

affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the government would be bound by the specific sentence or sentencing range contained in this paragraph and the defendant would not be able to withdraw his plea.

9.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Obstruction or Other Violations of Law

10.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Restitution

11.     The Defendant agrees that, under Title 18 United States Code, Sections 3663A, 2259, and 3771, the child whose image is captured in the file identified in Count Three of the Indictment may be entitled to mandatory restitution, if she has been identified. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

5

Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Collection of Financial Obligations

12.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

13.     In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

14.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Forfeiture

15.     The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence or place of employment in connection with search warrants executed at those locations. This includes any computers, hard drives, phones, cameras, or other recording devices seized in connection with this case.

## Waiver of Defenses and Appeal

16.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except that the Defendant reserves the right to appeal any sentence above the applicable guideline range.

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from

6

appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Entire Agreement

  18.  This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

  If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

       Very truly yours,

       Stephen M. Schenning
       Acting United States Attorney

    By:

       P. Michael Cunningham
       Assistant United States Attorney

  I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_11-30-17_
Date

       Michael James Andrews

  I am Michael Andrews' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_11/30/17_
Date

       Christian B. Lassiter, Esq.

7

Attachment A Statement of Facts

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Michael James Andrews, ("Andrews"), age 38, previously resided in Middle River, Maryland; he is currently detained in the Chesapeake Detention Facility. In 2010, Andrews was convicted of a child pornography offense in Maryland

As detailed below, between on or about November 22, 2016 and on or about February 28, 2017, in the District of Maryland, Andrews possessed and distributed images of minors engaged in sexually explicit conduct.

In November 2016, a detective with the Baltimore County Police Department engaged in an undercover investigation of persons trafficking in child pornography by using a peer-to-peer ("P2P") application to search for individuals on the internet who were making available child pornography for other individuals to download. On November 22, 2016, the detective identified a target who was likely making available child pornography based on the names of some of the files. The detective downloaded two video files from the suspected Internet Protocol ("IP") address, later identified via subpoena as assigned to Andrews' father at 3815 Dunsmuir Circle, Apartment F, Middle River, Maryland.

The contents of two files, including one file titled "Valya-16.avi", contained child pornography. The file "Valya-16.avi" is a video file about 11 minutes and 37 seconds long and depicts an adult male rubbing the vaginal area of a minor female. The adult male uses his right hand to rub the child's vaginal area. The child then performs oral sex on the man, after which he sits the child on his lap and penetrates her vagina with his penis.

On November 25, 2016, the detective again downloaded child pornography, including a video file titled "the begging.avi" from the same IP address, which was still assigned to Andrews's father. "[T]he begging.avi" file is about 1 minute 36 seconds long and depicts a close-up of a prepubescent female's vagina being manipulated by an adult male's hand. The left index finger of the man's hand penetrates the child's vagina and at the same time, his right index finger penetrates the child's anus.

Based on the above downloads, the detective obtained a warrant to search the residence at 3815 Dunsmuir Circle, Apartment F, Middle River, Maryland and executed the warrant on December 6, 2016. They discovered Andrews living in the apartment with his father. Officers located a HP Envy laptop computer, serial number BCG5464SNC, made in China, in Andrews' bedroom. At the time of the search, the P2P file-sharing program was up and running and Andrews was in the process of downloading files, including one entitled "Laura 7-13yo." Law enforcement also located a PNY 32GB USB flash drive, and a SanDisk 128GB flash drive, that belonged to

Andrews. Both thumb drives were made outside Maryland. A preliminary examination of suspected files revealed child pornography on the laptop and both thumb drives.

Baltimore County police arrested Andrews and charged him with child pornography related offenses. Andrews was released from custody on $250,000 bail. Andrews returned to live at the Dunsmuir Circle apartment.

In February 2017, another detective with the Baltimore County Police Department was conducting the same type of undercover investigation of the P2P network as described above. On February 21, 2017, the detective connected to the same IP address as above and downloaded seven files of suspected child pornography, including the file titled "7-9岁5.jpg." This file is an image that depicts a nude prepubescent female child straddling a nude adult male. The child is hovered over the adult male as the male is seen pressing his penis up into the child's vagina. Comcast Cable reported the IP address was still assigned to Andrews's father as of February 21, 2017.

Baltimore County police obtained a second warrant to search Andrews's residence and executed the warrant on February 28, 2017. Officers discovered Andrews and his father at the address and found a LG cell phone, IMEI# 357188065549885, made in China, as well as a Kindle, in Andrews's bedroom. The LG cell phone contained an 8GB SanDisk micro SD card, also made in China. Upon previewing the micro SD card, the police discovered files with images of child pornography. Additionally, the police found a rubber, lifelike torso in the shape of a prepubescent female under Andrews's bed.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

_____
Michael James Andrews

I am Mr. Andrews' attorney. I have carefully reviewed the statement of facts with him.

_____
Christian B. Lassiter, Esquire

2